UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ATHENA UNIVERSAL LIFE II COST
OF INSURANCE INCREASE LITIGATION                                   MDL No. 2788


ORDER DENYING TRANSFER


**Before the Panel:**[*] Common defendant AXA Equitable Life Insurance Company (AXA) moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of New York. Plaintiffs in the Southern District of New York actions request the Panel defer ruling on the Section 1407 motion until the District of Arizona has an opportunity to rule on the pending motion to transfer the District of Arizona *Wenokur* action to the Southern District of New York under 28 U.S.C. § 1404. Alternatively, these plaintiffs request the Panel deny the Section 1407 motion without prejudice. The *Wenokur* plaintiffs oppose the Section 1407 motion or, alternatively, suggest centralization in the District of Arizona or a centrally-located district. This litigation consists of four actions pending in the Southern District of New York and the District of Arizona.[1]

On the basis of the papers filed and hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. These actions share allegations regarding AXA's decision to increase insurance rates on 1,700 Athena Universal Life II policies. Plaintiffs contend that the rate increases violate the terms of the policies because they were not (1) based on reasonable assumptions about, among other things, investment income and/or mortality; (2) done on a basis that is equitable to all policyholders of a given class; and (3) determined in accordance with procedures and standards on file, if required, with the insurance supervisory official of the jurisdiction in which the policy is delivered. Despite the overlap in factual and legal issues among these cases, we are not persuaded that Section 1407 centralization is necessary. Where only a few actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Moving defendant has failed to do so here.

---

[*]   Judge Marjorie O. Rendell and Judge Lewis A. Kaplan took no part in the decision of this matter.

[1]   At the time the Section 1407 motion was filed, two of the actions were pending in the Central District of California. Since then, pursuant to the parties' stipulations, two actions have been transferred under Section 1404 from the Central District of California to the Southern District of New York.

-2-

This litigation involves only four actions (just two of which are class actions) pending in two districts. Cooperation among the few involved courts and counsel appears to be a workable alternative to centralization in this litigation. We have emphasized that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re: Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). At oral argument, moving defendant's counsel represented that the parties had not yet attempted informal coordination of these four actions.

The parties favoring some form of transfer, whether under Section 1404 or Section 1407, focus on the *Wenokur* plaintiffs' change of position in the few weeks between when they moved to stay the District of Arizona action and they filed their brief before the Panel. But within those few weeks, two of the four actions were transferred under Section 1404 to the Southern District of New York, so that all but one action now is pending there. The *Wenokur* plaintiffs' change in position is not relevant to the question of whether centralization of this litigation is warranted. Moreover, we are not persuaded, as suggested by AXA, that this change in position implies that the *Wenokur* plaintiffs' pledge to cooperate informally and coordinate any overlapping discovery is a hollow one.

Given the small number of pending cases and involved counsel, we are not persuaded that centralization is justified for this litigation. We also note that defendant's pending motion in the District of Arizona to transfer the action to the Southern District of New York under Section 1404 has the potential to eliminate the multidistrict character of this litigation and streamline the litigation without resort to the Section 1407 framework. As we repeatedly have held, "where 'a reasonable prospect' exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to Section 1407 centralization." *E.g., In re: 3M Co. Lava Ultimate Prods. Liab. Litig.*, 222 F. Supp. 3d 1347, 1347-48 (J.P.M.L. 2016) (quoting *In re: Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012)). Though the District of Arizona plaintiffs oppose Section 1404 transfer, such a prospect nonetheless exists here.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Charles R. Breyer            Ellen Segal Huvelle
R. David Proctor             Catherine D. Perry

**IN RE: ATHENA UNIVERSAL LIFE II COST**
**OF INSURANCE INCREASE LITIGATION**                     MDL No. 2788

## SCHEDULE A

<u>District of Arizona</u>

WENOKUR v. AXA EQUITABLE LIFE INSURANCE COMPANY,
C.A. No. 2:17-00165

<u>Southern District of New York</u>

BRACH FAMILY FOUNDATION, INC. v. AXA EQUITABLE LIFE INSURANCE
COMPANY, C.A. No. 1:16-00740
EFG BANK AG, CAYMAN BRANCH v. AXA EQUITABLE LIFE INSURANCE
COMPANY, C.A. No. 1:17-04767
THE DUFFY 2004 LLC, ET AL. v. AXA EQUITABLE LIFE INSURANCE
COMPANY, C.A. No. 1:17-04803